IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

Phong Dinh Tran

&ast;

&ast;

&ast;   CRIMINAL NO.:   WDQ-13-0645

&ast;

&ast;

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

MEMORANDUM OPINION

On September 23, 2014, Phong Dinh Tran pled guilty to conspiracy to commit bank fraud. On February 17, 2015, Tran moved to withdraw his guilty plea. On March 11, 2015, the Court held a hearing on the motion. For the following reasons, the motion was denied.

I.   Background

On November 19, 2013, Tran was indicted in a two-count complaint with conspiracy to commit bank fraud (Count I) and bank fraud (Count II). ECF No. 11. Tran is a Vietnamese citizen who reads, writes, and understands English, "but not real well."[1] Tr. of Re-arraignment, September 23, 2014 (hereinafter, "Hr'g Tr.") at 6-8.

---

[1] During the hearing on the withdrawal, defense counsel informed the Court that Tran had been in the United States since he was 19. The Government argued that there is evidence that Tran does understand English: the facts of the crime show that Tran regularly interacted with non-Vietnamese speakers, Tran retained non-Vietnamese speaking counsel, Tran went to the U.S.

Tran entered into a plea agreement with the Government, under which he agreed to plead guilty to Count I of the indictment.  ECF No. 29.  On September 23, 2014, the Court held a re-arraignment and Rule 11 hearing.  ECF No. 28.  At the beginning of the hearing the Clerk swore in Minh Nguyen as interpreter.  Hr'g Tr. at 2.  Immediately after being sworn and introducing himself for the record, Nguyen told the Court, "the Interpreter would like to let you know, too, that the Defendant speak[s] a fair amount of English, and wishes the Interpreter just to stand by in case he need[s] help."  *Id*.  The Court agreed to the request, and neither Tran nor his counsel objected to Nguyen's representation.  *Id*.

The Court asked Tran for information including his name, age, and to which count in the complaint he was pleading guilty. Hr'g Tr. at 3-4.  Although his answers were short, Tran responded in English and was required to say more than "yes" or "no."  *See id*.  At no time did Tran request the assistance of the interpreter.  *See id*.  After the background information, and before beginning the Rule 11 colloquy, the Court told Tran that "if at any time during this hearing this morning you need to talk to the Interpreter or your attorney please let me know, and I'll give you a chance to do that."  *Id*. at 4-5.

---

Attorney's Office on several occasions and made proffers in English, and it was the U.S. Attorney and not Tran who originally requested the interpreter.

In explaining the nature of the charges, the Court informed Tran,

> You're pleading guilty to participating in a bank fraud conspiracy. What this means is that you and at least one other person had a plan or scheme to defraud or obtain money from a federally-insured bank, and your participation was not accidental, but on purpose and knowing.
>
> This crime carries a maximum sentence of 30 years' imprisonment, a supervised release term of up to five years, a fine up to $1 million. You also may be required to make restitution; that is, repay some or all of the money that was lost as a result of the scheme. And you may also be required to forfeit--that is, give up--your right or interest in certain properties. I'm also required to impose a special assessment, or one-time charge, of $100.
>
> Do you understand what you're pleading guilty to and what the penalties are?

Hr'g Tr. at 5-6. Tran responded that he understood and did not request the interpreter's assistance. *Id*. The Court continued to ask questions about Tran's education, drug use, citizenship, and whether he was currently on probation or parole. *See id*. at 6-9. Tran responded to all these questions in English. *See id*. Whenever he stated that he did not understand the question, or needed assistance, Tran conferred with the interpreter. *See id*. After Tran needed the interpreter's assistance several times, the Court asked the interpreter to translate the remainder of the hearing. *See id*. at 8.

The Court also confirmed that Tran had read the indictment, and counsel had explained the charges to him. Hr'g Tr. at 9.

3

Although Tran stated that most of his meetings with his counsel were in English, he explained that he had assistance in Vietnamese from members of counsel's staff as well as family members who helped him read and understand all the charges. *Id.* at 9-10.

After the Government summarized the plea agreement, the Court asked Tran whether he had read and understood the agreement. Hr'g Tr. at 14-15. Upon learning that Tran had only reviewed the agreement with counsel in English, the Court called a recess so that Tran and his counsel could review the agreement with the assistance of the interpreter. *Id.* at 16. Returning from the recess, Tran told the Court that he had reviewed the agreement in Vietnamese, understood its contents,[2] and agreed to the attached statement of facts. *Id.* at 16-17. After admitting the agreement, the Court confirmed with Tran that he understood "that the agreement we've just talked about is between you and the United States, not between you and me?"[3] *Id.* 17. Tran confirmed that he understood. *Id.*

The Court had the Government summarize the facts and gave the defense an opportunity to make "deletions, additions, or

---

[2] The agreement specifically listed the elements of the offense to which Tran pled. ECF No. 29 at 1-2.

[3] Further, the agreement contained a clause titled "Court Not a Party" which informed Tran that the Court was in no way bound by the agreement. ECF No. 29 at 8.

corrections." Hr'g Tr. at 22-23.  Tran agreed to the facts and confirmed to the Court that he was pleading guilty because he was in fact guilty.  *Id.* at 23-24.  The Court found that there was a sufficient factual basis for the plea and set sentencing for December 18, 2014.[4]  *Id.* 24.

On November 25, 2014, the presentence investigation report and recommendation was filed, and the parties submitted their sentencing memoranda.  ECF Nos. 33-36.  On December 17, 2014, Tran moved to continue sentencing and for replacement counsel because "the relationship between [the] Defendant and Counsel [has] come to an impasse as to the continuation of the plea . . . ."  ECF No. 37 at 2.  On January 12, 2015, Tran was assigned new counsel.  ECF No. 40.  On February 17, 2015, Tran moved to withdraw his plea.  ECF No. 41.  The Government opposed the motion.  ECF No. 43.  On March 11, 2015, the Court held a hearing on the motion.

---

[4] The summary of the hearing is not a complete account of the re-arraignment.  The Court has merely summarized and highlighted the portions of the proceeding and facts that are relevant to Tran's motion.

II.  Analysis

Tran asserts that he should be permitted to withdraw his plea because the Court did not translate into Vietnamese the description of the charge, Tran "was not advised of the Court's obligation to calculate the applicable sentencing guideline range," there was no factual basis for the plea, and Tran asserts his innocence.  ECF No. 41 at 3, 6, 8-9.

Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a guilty plea, if "he can show a fair and just reason for requesting the withdrawal."  Courts consider six factors in determining whether a defendant has carried this burden: "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources."  *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).  "The most important of these factors is the first one, which addresses the question of whether the waiver colloquy was properly conducted."  *United States v. Faris*, 388 F.3d 452, 456 (4th Cir. 2004) (*citing United States v. Wilson*, 81 F.3d 1300, 1305-07 (4th Cir. 1996)).

6

Tran first argues that the plea was involuntary because the Court did not repeat the description of the charge's elements after the interpreter began translating the entire hearing. ECF No. 41 at 3. Federal Rule of Criminal Procedure 11(b)(1)(G) requires the Court to inform a defendant of "the nature of each charge to which the defendant is pleading." However, "[t]he manner of ensuring that the defendant is properly informed is committed to the good judgment of the district court, to its calculation of the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." *United States v. Wilson*, 81 F.3d 1300, 1307 (4th Cir. 1996) (quotation and citation omitted).

"Although the defendant must receive notice of the true nature of the charge rather than a rote recitation of the elements of the offense, the defendant need not receive this information at the plea hearing itself." *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991) (quoting *LoConte v. Dugger*, 847 F.2d 745, 751 (11th Cir. 1988)). "The district court may consider whether a written plea agreement exists and determine the plea is knowingly and intelligently made on the basis of information received by the defendant prior to the plea hearing." *United States v. Hussey*, 182 F. App'x 150, 152 (4th Cir. 2006). Further, the Fourth Circuit has routinely "rejected the claim that the elements of the charge must be explained."

7

*Wilson*, 81 F.3d at 1307; *see also United States v. DeFusco*, 959 F.2d 114, 117 (4th Cir. 1991).

Here, Tran told the interpreter that he spoke "a fair amount of English" and asked for the interperter "just to stand by in case he need[ed] help."  Hr'g Tr. at 2.  The Court told Tran "if at any time during this hearing this morning you need to talk to the Interpreter or your attorney please let me know, and I'll give you a chance to do that."[5]  *Id.* at 4-5.  When the Court explained the basic elements of a bank conspiracy in English, Tran stated that he understood and did not ask for the assistance of the interpreter.[6]  *Id.* at 5-6.  Hr'g Tr.  Further, Tran consistently answered the Court in English[7] and would tell

---

[5] *See Patel v. United States*, No. 3-04-CV-1082-R, 2004 WL 2607883, at *2-3 (N.D. Tex. Nov. 16, 2004) (defense counsel informs the court that interpreter is not needed, and court instructs the defendant to let the court know if he does not understand any part of the proceeding).

[6] *See United States v. Guerra*, 44 F. App'x 56, 57 (8th Cir. 2002) ("Although Guerra complains that he could not hear the interpreter read the agreement to him before the colloquy, he admitted that he did not tell the interpreter he could not hear."); *see also United States v. Amador*, 214 F. App'x 303, 305-306 (4th Cir. 2007) ("Amador did not request . . . a translator . . . ."); *United States v. Vonsander*, 227 F. App'x 192, 194 (3d Cir. 2007); *United States v. Ulibas*, 67 F. App'x 402, 404 (9th Cir. 2003).

[7] *See Amador*, 214 F. App'x at 306 ("At the outset of Amador's [] colloquy, the district court asked Amador's counsel if his client needed an interpreter, and counsel replied that his client 'speaks perfectly good English.'  Amador answered the initial colloquy questions-many of which did not require merely yes or no answers-correctly.  The district court asked Amador

the Court when he needed the interpreter.  *See id.* at 3-4, 6-9.
These facts show that Tran understood the Court's explanation of
the charge.

However, even if Tran did not understand the Court's
description of the basic elements, he understood the nature of
the charges against him.  After the interpreter began
translating the entire hearing, the Court ensured that Tran had
read the indictment and had it explained to him in Vietnamese.[8]
Hr'g Tr. at 9-10.  The Court also granted a 20-minute recess so
that the plea agreement could be read to Tran in Vietnamese.
*Id.* at 16-17.  The plea agreement included the elements of the
offense and an attached statement of facts.[9]  *Id.; see also* ECF
No. 29 at 1-2.  The Government summarized the facts during the
hearing, and Tran agreed that they were true.  Hr'g Tr. at 17,
22-24.  Tran was sufficiently aware of the nature of the charge
to which he pled.

---

about his competency in English. Amador stated he could
understand spoken English and explained that his lawyer [had]
read his plea agreement aloud to him.  The court then conducted
the entire Rule 11 colloquy in English, and Amador responded
appropriately in English to all of the district court's
questions.").

[8] *See United States v. Bah*, 587 F. App'x 752, 753-54 (4th Cir.
2014) (information in the indictment can inform the defendant of
the nature of the charge).

[9] *See United States v. Declid*, 537 F. App'x 224, 225 (4th Cir.
2013); *DeFusco*, 949 F.2d at 117.

Tran was also aware that the Court was not bound by the agreement.  The plea agreement contained a lengthy explanation that "the Defendant expressly underst[ood] that the Court [was] not a party to this agreement," including the Court's power to impose a different sentence.  ECF No. 29 at 8-9.  The Court also asked Tran during the hearing if he understood "that the agreement we've just talked about is between you and the United States, not between you and me?", which Tran acknowledged he understood.  Hr'g Tr. at 17.

Tran next argues that there was no factual basis for the plea because "the Government's proffer to the Court of the facts . . . failed to state whether the victim in the case was a 'financial institution.'"  ECF No. 41 at 8.  "The court also need not establish the guilty plea's factual basis through the plea colloquy; the court may conclude that a factual basis exists from anything that appears on the record."  *United States v. Martinez*, 277 F.3d 517, 531-32 (4th Cir. 2002) (internal quotation omitted); *see also United States v. Smith*, 160 F.3d 117, 121 (2d Cir.1998) ("[The court] may look to answers provided by counsel for the defense and government, the presentence report . . . so long as the factual basis is put on the record.").

During the colloquy, the Government referred to the victim of the bank fraud as "PNC Bank."  Hr'g Tr. at 22-23.  The

statement of facts attached to the guilty plea states that PNC
Bank "was guaranteed by the United States Small Business
Administration," and that "PNC funded a loan in the amount of
$950,000" to Tran." ECF No. 29 at 11-12. As the Court
concluded at the re-arraignment hearing, there was a factual
basis to conclude the PNC Bank was a "financial institution"
within the meaning of 18 U.S.C. § 20.

Tran also asserts his innocence, insisting that he did not
"knowingly" commit the charged acts. ECF No. 41 at 8-9. Tran's
statements that he is innocent are contradicted by his sworn
statements during the plea colloquy that he had not been
coerced, he was satisfied with his attorneys' services, he had
read and signed the plea agreement, and the facts stated in the
plea agreement were true.[10] Tran also stated that he was
pleading guilty because he was in fact guilty. Hr'g Tr. at 23-
24. "Absent clear and convincing evidence to the contrary, a
defendant is bound by the representations he makes under oath
during a plea colloquy." *Fields v. Attorney Gen. of State of
Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992)(*citing Blackledge v.
Allison*, 431 U.S. 63, 74–75 (1977); *Little v. Allsbrook*, 731
F.2d 238, 239–40 n.2 (4th Cir. 1984)).

---

[10] The statement of facts in the plea agreement states that "[a]t
all times, Tran acted knowingly and willfully with intent to
defraud." ECF No. 29 at 12. The Court also explained the mens
rea requirement. Hr'g Tr. at 5-6.

11

Finally, allowing Tran to withdraw his guilty plea would prejudice the government.  As Government counsel informed the Court during the withdrawal hearing, the government was prepared for trial when Tran originally entered the plea in September. The Defendant waited until the day before his sentencing to terminate his counsel, and the motion to withdraw his plea was not filed until February, 2015.  At this point, the Government's witnesses have moved on.[11]  In order to proceed to trial, the Government would have to locate and re-prepare them.  There would be a significant waste of resources if Tran's plea was withdrawn.

"The guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system," the advantages of which "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality." *United States v. Lemaster*, 403 F.3d 216, 219-20 (4th Cir. 2005) (*quoting Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).  When, as here, there is no evidence that the Rule 11 colloquy was improper, allowing Tran to withdraw his plea would undermine the integrity of the Rule 11 process.  *See Bowman*, 348 F.3d at 417 ("[A]n appropriately conducted Rule 11 colloquy can only serve meaningfully if the court is entitled to rely on the

---

[11] The Government informed the Court that one of the Government's main witnesses has moved to Florida during the delay.

defendant's statements made under oath to accept a guilty
plea."); *United States v. Wilson*, 81 F.3d 1300, 1307 (4th Cir.
1996) ("[T]he key to" whether a motion to withdraw a guilty plea
should be granted is "whether or not the Rule 11 proceeding was
properly conducted").  Tran has not carried his burden to show a
deficiency in the colloquy.  Moreover, Tran's five-month delay
in moving to withdraw his plea also "militates against"
permitting withdrawal of his guilty plea.  *United States v.
Dickey*, 449 F. App'x 290, 293 (4th Cir. 2011)(unpublished)(per
curiam)(less than two-month delay disfavored withdrawing plea);
*see also United States v. Sandoval Delgado*, 148 F. App'x 166,
168 (4th Cir. 2005)(unpublished)(per curiam)(two and a half
month delay disfavored withdrawing plea).

III. Conclusion

    For the reasons stated above, the Court denied Tran's
motion to withdraw his guilty plea.

_____3/11/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge

13